UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH D. BOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV362 CDP |
| | ) |
| DON ROPER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's "complaint." Plaintiff titled his complaint "Petition for Writ of Habeas Corpus," however, because the subject matter in the complaint regards plaintiff's conditions of confinement, the Court will construe the complaint as one brought pursuant to 42 U.S.C. § 1983.

Plaintiff, an inmate at Potosi Correctional Center, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Accordingly, plaintiff has "three strikes," and he cannot proceed in a §

---

[1] See Box v. Bollinger, Case No. 1:02CV105 FRB (E.D. Mo.); Box v. Scott County Jail, Case No. 1:96CV69 LMB (E.D. Mo.); Box v. Mississippi County Jail, Case No. 1:96CV22 LMB (E.D. Mo.).

1983 action unless he pays the full filing fee or shows that at the time of filing his complaint, he was being subjected to imminent danger.[2]  28 U.S.C. § 1915(g).

By titling his case a habeas action, plaintiff seeks to circumvent the confines of § 1915 (g).  The Court notes that this case is duplicative to one plaintiff brought in September of 2009 in this same Court.  See Box v. Roper, 4:09CV1430 ERW.  Just as he did in this case, in the 2009 action, plaintiff titled his complaint a "habeas petition" even though he was complaining about being subjected to "forcible medication."  Plaintiff was told in two separate orders in that case that he could not seek to circumvent the Prison Litigation Reform Act ("PLRA") by creatively titling his complaint a habeas petition.  Plaintiff was then reminded that he needed to pay the full filing fee to proceed with his action.[3]  Nonetheless, plaintiff has again attempted to circumvent the PLRA with the filing of this action.

Because plaintiff failed to pay the filing fee in this action after being warned

---

[2]Plaintiff states that he is being subjected to imminent danger because as a result of a mental health "treatment plan," he is being forced to take medication which causes him to be tired, have numbness in his penis, and suffer from erectile dysfunction. Plaintiff states that if he refuses the medication, he is placed in administrative segregation in "retaliation."  Plaintiff's assertions regarding the side effects of his medication and/or the potential placement in administrative segregation should he not take the medication do not show imminent danger of serious injury.

[3]Plaintiff's case was dismissed pursuant to Fed.R.Civ.P. 41(b) when he failed to do so.

about his actions in the previous case, the Court will dismiss this case without prejudice, with leave to refile upon the payment of the full filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that this action will be **DISMISSED** for failure to pay the filing fee.

**IT IS FURTHER ORDERED** that plaintiff's motion to expedite [Doc. #3] is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of April, 2010.

                                      CATHERINE D. PERRY
                                      UNITED STATES DISTRICT JUDGE